985 F.2d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Valentina Elena ESCOBAR-SALGADO, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 90-70616.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 12, 1992.*
Decided Feb. 4, 1993.
 
 Petition for Review of an Order of the Board of Immigration Appeals, INS No. Aft-uvf-gan.
 BIA
 PETITION GRANTED.
 Before ALDISERT,** GOODWIN and FLETCHER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Valentina Elena Escobar-Salgado, a citizen of Nicaragua, applied for asylum under 8 U.S.C. § 1158(a), and withholding of deportation under 8 U.S.C. § 1253(h). The immigration judge denied her requests. On appeal the Board of Immigration Appeals ("the Board" or "BIA") took administrative notice of the fact that the Sandinistas had been voted out of power, reasoning that Escobar-Salgado no longer had a well-founded fear of persecution in Nicaragua. It denied her application based solely on the notice taken, and it ordered her deported if she did not voluntarily depart within the term permitted.
 
 
 3
 We have jurisdiction to hear this matter under 8 U.S.C. § 1105a(a)(1). Because we find that the BIA improperly took administrative notice of the effect of the change in government in Nicaragua without giving Escobar-Salgado notice of its intent to do so, and an opportunity to show cause why administrative notice should not be taken, or the record supplemented by further evidence, we grant the petition for review.
 
 
 4
 * An alien is eligible for asylum if she has a "well-founded fear" of persecution on account of race, religion, nationality, membership in a particular social group or political opinion, 8 U.S.C. § 1101(a)(42)(A), 8 C.F.R. § 208.13(b)(2), or, in extreme cases, based on past persecution. Matter of Chen, 20 I. & N. Dec. ----, slip op. at 5-8 (BIA Int.Dec. No. 3104, Apr. 25, 1989) (extremely debilitating physical and mental persecution, including imprisonment and severe beatings which caused permanent hearing loss, warranted grant of asylum for past persecution); 8 C.F.R. § 208.13(b)(1). The decision to grant asylum is within the discretion of the Attorney General. 8 U.S.C. § 1158(a). Whether an alien has a well-founded fear of persecution is a question of fact, and we review the BIA's determination under the substantial evidence standard. INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992); Sanchez-Trujillo v. INS, 801 F.2d 1571, 1578 (9th Cir.1986); 8 U.S.C. § 1105a(a)(4).
 
 
 5
 An alien is eligible for withholding of deportation if her life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1253(h). She must meet a higher standard than that required for asylum: "clear probability" of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 448-50 (1987); INS v. Stevic, 467 U.S. 407, 430 (1984); Estrada-Posadas v. INS, 924 F.2d 916, 920 (9th Cir.1991).
 
 II
 
 6
 Escobar-Salgado argued in support of her application to the immigration judge that she feared returning to Nicaragua because she would be singled out as the daughter of a former Sandinista commander, a founding member of the Sandinista party assassinated for breaking ideological rank, and punished for her political opinions and for having fled to the United States. She testified that she had refused to join the Sandinista Youth Group or any local defense committees on account of which she was denied access to an education and exposed to numerous threats. These included phonecalls and painted slogans on the walls of her home accusing her of being a counter-revolutionary and contra, and warning her to "take care." While Escobar-Salgado was never formally detained or interrogated, her husband, the son of a former member of the Somoza National Guard, was forced into hiding to avoid an order of detention believed to have been issued against him by the government. Their home was visited on numerous occasions by civilian security forces seeking him out.
 
 III
 
 7
 Escobar-Salgado's supplemented petition for review presents two basic arguments. First, Escobar-Salgado claims the BIA improperly took administrative notice that the Sandinistas no longer control the Nicaraguan government.[1] Second she contends that the BIA erred in finding that she had not established a sufficient fear of persecution by the Sandinistas warranting either asylum or withholding of deportation.
 
 
 8
 Escobar-Salgado argues that she was denied due process because the BIA took administrative notice of the change of government in Nicaragua without giving her an opportunity to establish that the Sandinistas still exert significant control over the government. She insists that, notwithstanding the change of government, she maintains a well-founded fear of persecution by Sandinistas who are still active in the country and retain sufficient power to persecute her.
 
 
 9
 In Castillo-Villagra v. INS, 972 F.2d 1017, 1029 (9th Cir.1992), we held that the BIA "erred in taking notice of the change of government without providing the petitioners an opportunity to rebut the noticed facts." We explicitly rejected the position that due process requirements are satisfied by the petitioner's right, under 8 C.F.R. §§ 3.2 & 3.8, to move the BIA to reopen the proceedings and present evidence to rebut the noticed facts. Id. Here, as in Castillo-Villagra, Escobar-Salgado did not receive warning that administrative notice would be taken. Nor was she provided with an opportunity to contest or rebut by further evidence the facts of which administrative notice was taken. Id. at 1021.
 
 
 10
 Because the BIA improperly took administrative notice in this case, we must vacate its decision and remand under Castillo-Villagra, 972 F.2d at 1029, 1031. For the purposes of this appeal we do not pass on the sufficiency of the evidence adduced by petitioner in support of her requests for asylum and withholding of deportation. We reserve judgment on this issue until the BIA affords Escobar-Salgado an opportunity to show cause why administrative notice should not be taken, or to supplement the record in order to rebut noticed facts in full compliance with her due process rights under the Fifth Amendment.
 
 
 11
 The petition for review is therefore GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Escobar-Salgado suggests that the form of the BIA decision violated due process. See Catillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991) ("Boilerplate opinions, which set out general legal standards yet are devoid of statements that evidence an individualized review of the petitioner's contentions and circumstances [do not] afford the petitioner the BIA review to which he or she is entitled ..."). Because we reject the BIA's use of administrative notice and remand, we need not reach the issue of whether the BIA decision, in this case, satisfies the Castillo standard